August 30, 2005

Honorable Joel A. Pisano, U.S.D.J.
United States District Court
U.S. P.O. & Courthouse
1 Federal Square
P.O. Box 999
Newark, N.J. 07101-0999               **REPLY LETTER MEMORANDUM**

RE: United States v. Shawn Thomas

Dear Judge Pisano:

     I am in receipt of AUSA Wiener's August 11, 2005 Letter Brief which argues that the appropriate sentence in the above-captioned matter should be 360 months. (Letter Brief at 5). The prosecution points out, and Defendant is obligated to acknowledge, that there is a minimum, mandatory sentence which must be imposed in the within matter, pursuant to 21 U.S.C. §841(b)(1)(A), of ten years. (See Presentence Investigation Report, hereinafter "PSR", para. 86; Letter Brief at 4.)

     On re-sentencing, Defendant's principal focus is and continues to be the application of U.S.S.G. §4B1.1, the Career Offender Guideline, as applied following the Supreme Court's decision in United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (2005). (Re-

1

Sentencing Memorandum of Defendant Shawn Thomas, hereinafter "Memo" at 3).

The Government argues that "this Court may and should impose the same sentence it did before." (Letter Brief at 1). Such approach, it is respectfully submitted, fails to give proper weight to the discretionary power granted to the Court pursuant to Booker. See United States v. Davis, 407 F.3d 162, 165 (3d Cir. 2005). The fairness and integrity of the proceeding requires consideration of the Sentencing Guidelines as advisory, to be considered in addition to the statutory factors set forth in 18 U.S.C. §3553(a). Id. at 163. It is wrong to assume that the District Court, on re-sentencing, should automatically or routinely re-impose the sentence previously rendered prior to the Booker decision. Id. at 165.

In support of its position that the Court should simply re-impose the 360 month previously imposed, the Government writes: "At the trial, the Government presented, among other things, defendant's lengthy and detailed tape-recorded confession. There was virtually no defense presented." (Letter Brief at 2). Defendant specifically and respectfully disagrees and points to the jury verdict which found Shawn Thomas guilty only of the lesser amount of drugs charged in the conspiracy count and not guilty on both of the substantive counts, clearly disregarding, to a significant extent, the "detailed tape-recorded confession." (See Memo at 10-11). See United States v. Carvajal, 2005 WL 476125 at *1 (SDNY 2005).

The Government cites United States v. Miller, F.3d, 2005 WL 179199 at *4 (3d Cir. 2005) for the proposition that Booker does not raise a question with respect to the correctness of the District Court's factual findings or procedural decisions in imposing sentence. (Letter Brief at 2). The full context of the guidance provided by the Third Circuit

Court of Appeals on re-sentencing to the District Court, with respect to Booker, is as follows:

> Nothing in Booker or the Supreme Court's order in this case [Miller] necessarily calls into question the correctness of the District Court's factual findings or procedural decisions at the re-sentencing, or, for that matter, this court's approval thereof. To be sure, in light of Booker the District Court on remand must employ the Guidelines as advisory precepts rather than as mandatory. It must further tailor Miller's sentence in perspective of the statutory requirements identified by the Booker Court, such as the statutory requirement that a sentence reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence. Booker, 543 U.S. at ____, 125 S. Ct. at 764-65 (Breyer, J.) (citing 18 U.S.C. §3553(a))

Defendant continues to emphasize that in a case involving career offender status, the Court has the power to consider a non-guideline sentence, consistent with the statutory factors set forth in Section 3553(a) to reach "an appropriate and reasonable sentence", sufficient but not greater than necessary. (See Memo at 12-13). The Government takes the position, by way of opposition, as follows: "Other than the aforementioned Shepard argument, there really is nothing in the Re-sentencing Memorandum that is new and that the defense did not argue, and that the Court did not consider, at the original sentencing. The defense position essentially is that the Guidelines range called for under the career offender guideline is too harsh. That is an argument more properly made before the Sentencing Commission in Congress." (Letter Brief at 4). What is now different, it is respectfully submitted, is that Booker makes Sentencing Guideline 4B1.1 advisory and permits a sentence pursuant to

3

Section 3553(a), taking into account the statutory sentencing factors. The Court has discretion in the appropriate case to avoid the harsh and severe result, previously mandated at the original sentencing, under U.S.S.G. §4B1.1, the Career Offender Guideline. (See Carvajal at *4; see Memo at 9-12). As set forth in Carvajal:

> Rehabilitation is also a goal of punishment. 18 U.S.C. §3553(a)(2)(D) .... A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life." Carvajal at *4.

By way of conclusion, Defendant Shawn Thomas respectfully requests that he be re-sentenced to a term of imprisonment sufficient but not greater than necessary. See Memo at 11-12.

Respectfully submitted,


s/Harold B. Shapiro
Harold B. Shapiro

HBS:asc
cc: Howard Wiener, Esquire, AUSA
    Renee Caggia, Probation Officer
    Mr. Shawn Thomas